UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVDEEP SANDHU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW LACEWELL,<br><br>　　　　　Defendant. | No. 2:25-cv-03575-TLN-CKD<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant Andrew Lacewell's ("Defendant's") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.)  For the reasons set forth below, the Court hereby REMANDS the action to the Solano County Superior Court due to lack of subject matter jurisdiction.

　　　　On November 21, 2025, Plaintiff Navdeep Sandhu ("Plaintiff") brought an action for unlawful detainer against Defendant in Solano County Superior Court for possession of real property known as 264 Bridgewater Circle, Suisun City, California (the "Property").  (ECF No. 1 at 10.)  On December 11, 2025, Defendant filed a Notice of Removal.  (*See generally id.*)

　　　　28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Courts

1

1  "strictly construe the removal statute against removal jurisdiction," and "the defendant always has
2  the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th
3  Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks
4  subject matter jurisdiction over the removed action, it must remedy the improvident grant of
5  removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375
6  F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004).

7  Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The
8  "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint
9  rule,' which provides that federal jurisdiction exists only when a federal question is presented on
10 the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S.
11 386, 392 (1987). Federal question jurisdiction therefore cannot be based on a defense,
12 counterclaim, cross-claim, or third-party claim raising a federal question. *See Hunter v. Philip*
13 *Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

14 Defendant has not shown removal of this action to federal court is appropriate. Defendant
15 argues in his notice of removal that this action involves a federal question because Plaintiff's right
16 to relief "requires the Court to determine whether federally imposed and federally incorporated
17 statutory conditions were satisfied as predicates to eviction[.]" (ECF No. 1 at 2.) Further,
18 Defendant contends the Complaint implicates and relies on different federal statutes. (*Id.* at 2–3.)
19 However, upon review, the Complaint only sets forth an unlawful detainer claim, which is a
20 matter of state law. *Kim v. Krietz*, No. 2:21-CV-00251-TLN-JDP, 2021 WL 1081130, at *2 (E.D.
21 Cal. Feb. 11, 2021) (finding similarly). Further, federal question jurisdiction cannot be
22 established on an actual or anticipated defense or counterclaim. *See Vaden v. Discover Bank*, 556
23 U.S. 49, 60 (2009). In other words, federal question jurisdiction does not exist even if Defendant
24 intends to raise such questions in response to the Complaint.

25 Finally, the amount in controversy does not exceed $75,000 so there are also no grounds
26 for diversity jurisdiction. *See* 28 U.S.C. § 1332. Given the lack of federal subject matter
27 jurisdiction, it is appropriate for the Court to *sua sponte* remand this case. *United Investors Life*
28 *Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a

2

duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

For the foregoing reasons, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Solano County Superior Court.

IT IS SO ORDERED.

Date: December 11, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3